FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

FEB 1 1 2020

US DISTRICT COURT
NEW ALBANY DIVISION

| | |
|---|---|
| JEREMY STEPHENS<br><br>                    Plaintiffs,<br><br>    v.<br><br>CSX TRANSPORTATION, INC.<br><br>                    Defendant. | )<br>)<br>)<br>) Case No. 4 : 20-CV- 037 SEB -DML<br>)<br>)<br>) Removed from Gibson Superior Court I,<br>) Civil Action No. 26D01-2001-CT-000069<br>)<br>)<br>)<br>)<br>)<br>) |

## CSX TRANSPORTATION, INC.'S ANSWER TO COMPLAINT

*****

Comes the Defendant, CSX Transportation, Inc. ("CSXT"), by counsel, and for its Answer to the Complaint of the Plaintiff, states and provides as follows:

CSXT denies each and every allegation set forth in Plaintiff's Complaint not specifically admitted herein.

1. With regard to the allegations set forth in Paragraph 1 of Plaintiff's Complaint, as of the filing of its Answer, CSXT is without knowledge or information as to the age, date of birth, residence and family status of the Plaintiff. CSXT relies upon Plaintiff's assertion that he is a resident of the state of Indiana for its Petition for Removal. Upon information and belief, CSXT states that it is believed that Plaintiff was an employee of Duke Energy at all times relevant to the allegations set forth in Plaintiff's Complaint. CSXT is without knowledge or information as to the specific job title of the Plaintiff with Duke Energy.

2.      With regard to the allegations contained in Paragraph 2 of Plaintiff's Complaint, CSXT admits that it is a Virginia corporation with its principal place of business in Jacksonville, Florida. CSXT admits that it conducts railroad operations within the state of Indiana.

3.      With regard to the allegations contained in Paragraph 3 of Plaintiff's Complaint, CSXT admits that it conducts rail operations in Indiana including a rail line through Patoka, Indiana in Gibson County.

4.      With regard to the allegations contained in Paragraph 4 of Plaintiff's Complaint, CSXT admits that Duke Energy was performing electrical/utility repair work on or about June 6, 2019 in and around Patoka, Indiana which included repairing utility lines across the CSXT right-of-way. CSXT denies the remaining allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5.      With regard to the allegations set forth in Paragraph 5 of Plaintiff's Complaint, CSXT states that Duke Energy was given notice that it was required to contact CSXT before beginning any utility work that involved Duke Energy and its employees affecting the CSXT right-of-way including utility work involving utility lines that would go over the CSXT right-of-way at the location of the subject incident. With regard to CSXT policies and procedures relative to employees being on the site of any utility work effecting the CSXT right-of-way, CSXT states that it made clear to Duke Energy that CSXT was to be contacted before any such work was to take place at, near or over the CSXT right-of-way. With regard to the purpose of any such policies and procedures, said policies and procedures speak for themselves. Duke Energy was required to secure track authority before beginning any work on or about the CSXT right-of-way.

6.      CSXT denies so much of the allegations set forth in Paragraph 6 of Plaintiff's Complaint which purport to establish any duty owed by CSXT or attempts to interpret any CSXT

2

policies and procedures regarding its right-of-way and CSXT duties and responsibilities at said right-of-way. This Court will, as a matter of law, determine and define any duties owed by CSXT, the Plaintiff and Duke Energy, and, therefore, CSXT denies these allegations as stated in Paragraph 6 of Plaintiff's Complaint

7. With regard to the allegations contained in Paragraph 7 of Plaintiff's Complaint, CSXT admits that on the evening of June 5, 2019 and through the early morning hours of June 6, 2019, representatives of CSXT came to the site and coordinated with Duke Energy regarding work to be done that would affect the CSXT right-of-way in connection with the repair of the utility lines. Duke Energy was advised that when they returned the following day (June 6, 2019) to complete their utility repair work that CSXT was to be contacted to ensure that a representative of CSXT would be on site. Duke Energy failed to contact CSXT.

8. With regard to the allegations contained in Paragraph 8 of Plaintiff's Complaint, CSXT is without knowledge or information sufficient to form a belief to admit or deny these specific allegations regarding the actions of the Plaintiff and other members of the Duke Energy crew at all times relevant to the allegations set forth in Plaintiff's Complaint. Upon information and belief, the Plaintiff was in a bucket of a Duke Energy lift truck at the time of the subject incident.

9. CSXT denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. CSXT denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. CSXT denies so much of the allegations contained in Paragraph 11 of Plaintiff's Complaint regarding failure to warn of the oncoming train. CSXT is without knowledge or information sufficient to form a belief as to the truth of these allegations regarding the actions of the Duke Energy crew as of the time of the filing of its Answer to this Complaint.

12.     With regard to the allegations contained in Paragraph 12 of Plaintiff's Complaint, CSXT is without knowledge or information sufficient to form a belief as to the truth of the allegations as stated, and, therefore, denies these allegations.

13.     With regard to the allegations contained in Paragraph 13 of Plaintiff's Complaint, CSXT is without knowledge or information sufficient to form a belief to admit or deny the allegations regarding the actions of the Duke Energy employees, crew, including the Plaintiff, and, therefore, deny these allegations as stated.   CSXT admits that a CSXT train came into contact with the utility line being worked on by the Plaintiff and the Duke Energy crew.

14.     With regard to the allegations contained in Paragraph 14 of Plaintiff's Complaint, CSXT admits that the CSXT train came into contact with the utility line.  CSXT further admits that Plaintiff alleges injuries related to the incident but is unable to admit or deny the scope and extent of the injuries other than to admit that as pled they are in excess of the minimum jurisdictional limits of this court.

15.     CSXT denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.     With regard to the allegations contained in Paragraph 16 of Plaintiff's Complaint, CSXT states that any duties owed by CSXT in this case will be defined by the Court as a matter of law.  Therefore, CSXT denies any attempts by Plaintiff to characterize the duties owed by CSXT in this matter as well as any such duties owed by Duke Energy and Plaintiff herein. CSXT denies so much of the allegations set forth in Paragraph 16 of Plaintiff's Complaint which purport to allege that CSXT violated any such duties as defined by the Plaintiff in Paragraph 16 of Plaintiff's Complaint.

17.     CSXT denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

4

18.     With regard to the allegations contained in Paragraph 18 of Plaintiff's Complaint, CSXT is without knowledge or information sufficient to form a belief as to the truth of these allegations related to Plaintiff's claimed injuries and, therefore, must deny these allegations as stated at the present time other than to admit that as alleged said damages appear to be in excess of the minimum jurisdictional limits of this court.

19.     With regard to the allegations contained in Paragraph 19 of Plaintiff's Complaint, CSXT is without knowledge or information sufficient to form a belief as to the truth of these allegations related to Plaintiff's claimed injuries and, therefore, must deny these allegations as stated at the present time other than to admit that as alleged said damages appear to be in excess of the minimum jurisdictional limits of this court.

## AFFIRMATIVE DEFENSES

20.     Defendant affirmatively states and alleges that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

21.     Defendant affirmatively states and alleges that Plaintiff may have failed to join one or more necessary or indispensable parties to the litigation.

22.     Defendant affirmatively states and alleges that Plaintiff's recovery may be barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages.

23.     Defendant affirmatively states and alleges that Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of waiver, unclean hands or estoppel.

24.     Defendant affirmatively states and alleges that the Plaintiff's losses and damages, if any, may have been directly caused and/or contributed by Plaintiffs' own actions or the acts or

failure to act of Duke Energy, but for which said losses and damages, if any, would not have occurred.

25. Defendant affirmatively states and alleges that Plaintiff's claims against CSXT regarding the operation of the train, the speed of the train, training of the crew, warning devices at the crossing, or any other such allegation, may be preempted by federal law, including but not limited to ICCTA and the FRSA.

26. Defendant affirmatively states and alleges that the damages of Plaintiff, if any, were caused in full or in part by nonparties to this action, to-wit: Duke Energy, Plaintiff's employer. Answering Defendant retains the right to name additional "non-parties" as defined by I.C. 34-51-2-15, whose fault may have contributed to the Plaintiff's alleged injuries and whose identity may be revealed via the discovery process.

27. Defendant affirmatively states and alleges that Plaintiff is barred from recovery because intervening and/or superseding causes were responsible for Plaintiff's alleged injuries and damages.

28. Defendant pleads all defenses available pursuant to Indiana Trial Rules 8 and 12, including, but not limited to, failure of consideration, statute of limitations, improper venue, and lack of jurisdiction and the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

29. Defendant hereby reserves the right to amend the Answer to Plaintiffs' Complaint if so warranted and plead any and all affirmative and/or equitable defenses for which discovery may provide a good faith basis.

WHEREFORE, Defendant, CSX Transportation, Inc. requests judgment as follows:

1. Dismissing Plaintiff's Complaint with prejudice;

2.    For Defendant's costs, expenses and attorney's fees herein expended;

3.    Trial by jury; and

4.    All other legal and equitable relief to which Defendant may appear entitled.


BOEHL STOPHER & GRAVES, LLP


Scott A. Davidson
Attorney No. 20526-10
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone: (502) 589-5980
Fax: (502) 561-9400
sdavidson@bsg-law.com

Rod D. Payne
(*pro hac vice* application to be filed)
Boehl Stopher & Graves, LLP
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone: (502) 589-5980
Fax: (502) 561-9400
rdpayne@bsg-law.com
COUNSEL FOR DEFENDANT,
CSX TRANSPORTATION, INC.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document complies with the requirements of Trial Rule 5(G) with regard to information excluded from the public record under Administrative Rule 9(G). I certify that on the 11th day of February, 2020, I filed the foregoing document with the United States District Court. I also certify that on the 11th day of February, 2020, the foregoing document was served upon the following counsel of record by U.S. Mail:

> Douglas D. Small
> FOLEY & SMALL
> 1002 East Jefferson Blvd.
> South Bend, IN 46617
> COUNSEL FOR PLAINTIFF

COUNSEL FOR DEFENDANT

2329777.1

8